# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 20-MJ-7060 |
| DOUGLAS O. MYNATT, ) | |
| Defendant. ) | |

## CONSENT MOTION TO EXTEND TIME TO SEEK INDICTMENT
## UNDER THE SPEEDY TRIAL ACT

The United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Elly M. Peirson, and for the reasons stated herein, hereby requests that this Court extend the time for the United States to seek an indictment or file an information in this matter.

1.  On or between January 11 through January 24, 2020, defendant Douglas O. Mynatt allegedly engaged in child pornography trafficking offenses. According to the affidavit in support of the criminal complaint, Mynatt used a social media platform to trade child pornography images with other individuals using the Internet. The United States filed a complaint on April 3, 2020, charging the defendant with child pornography trafficking offenses in violation of Title 18, United States Code, Section 2252A *et seq*. R. 1. The government moved orally for detention and Mynatt waived his preliminary and detention hearing on April 3, 2020. D.E. 4/3/2020.

2.  Ordinarily, the United States has 30 days after filing a complaint to seek an indictment or file an information. 18 U.S.C. § 3161(b). The Court may, however, extend

the deadline, and exclude the extended time from any Speedy Trial calculation. *E.g., United States v. Anglin*, 470 F. App'x 511, 513 (7th Cir. 2012). The thirtieth day following the Mynatt's arrest, and therefore the date by which an information and indictment must be filed, is May 3, 2020.

3. Counsel for the government, with the agreement of counsel for the defendant, seeks a 60-day extension of the time period to obtain an indictment, understanding that an extension would be mutually beneficial to the parties and to the public.

4. An extension is necessary to stem the spread of COVID-19. On March 18, 2020, this Court issued Amended General Order 20-01, *See generally In re: COVID-19 Public Emergency, General Order 20-01* (C.D.IL. Mar. 18, 2020)(amending General Order 20-01 entered on March 13, 2020). This order was imposed based on both (1) the Illinois Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. *Id*. The order included a finding that, "the time period of any continuance entered from the date of this Order through May 18, 2020, as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A)." *Id*. at 2.

5. Grand Jury proceedings were addressed in a subsequent Order, entered by the Court on April 1, 2020. Order No. 20-mc-4009. The Court directed that Grand Jury proceedings be delayed and that during this indeterminate period of delay, "the respective Grand Juries are not in session as the term is used in § 3164(b)." *Id*.

6. The Speedy Trial Act automatically provides for an additional 30 days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b). Based on the April 1, 2020 Order, this provision is operative as grand juries are not in session in our District. Order No. 20-MC-4009. In such circumstances, the act provides for a 60-day clock, thereby extending in this case the date for the government to seek an indictment from May 3, 2020 until June 3, 2020.

7. The Speedy Trial Act also excludes from "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by any judicial official based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A). The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others. *Id.*, § 3161(h)(7)(A) & (B).

8. Accordingly, to provide notice, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, this Court's General Order, and public-health requirements, the United States respectfully requests that this Court (1) grant this motion; (2) find that the ends of justice require the Court to extend the time period for which an indictment must be filed, and (4) exclude the period of time between the date on which Mynatt was arrested and the date on which this Court first permits grand juries in the Central District of Illinois to resume meeting.

9. Undersigned counsel has consulted with defense counsel, Elisabeth R. Pollock, who has conveyed that (1) she has consulted with her client, defendant Douglas O. Mynatt about the instant motion, and (2) Mynatt consents to a 60-day extension and waives his rights under the Speedy Trial Act.

For the reasons stated herein, the United States requests that this Court extend the time to file formal charging documents to June 2, 2020, and exclude the time from April 3, 2020, through June 2, 2020, from any Speedy Trial calculation.

Respectfully submitted,

JOHN C. MILHISER
*United States Attorney*

S/ELLY M. PEIRSON
*Assistant United States Attorney*
IL Bar No. 6298075
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record.

s/ELLY M. PEIRSON
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov